Filed 9/1/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MENIQUE LASHON,<br><br>     Defendant and Appellant. | A163074<br><br>(Contra Costa County<br>Super. Ct. No. 51814102) |

Defendant Menique Lashon appeals from a judgment following her conviction for one count of second-degree murder and one count of first-degree murder, together with true findings of special circumstance allegations of multiple murders. Lashon was sentenced to a term of life without the possibility of parole.

On appeal, Lashon contends the judgment was the result of the trial judge's implicit racial bias against her and her trial counsel in violation of the California Racial Justice Act (CRJA), codified at Penal Code section 745.[1] She avers the portions of the trial and sentencing proceedings cited in her opening brief constitute a prima facie showing for relief and asks us to remand the matter to the superior court for an evidentiary hearing.[2]

---

[1]    All statutory references are to the Penal Code.

[2]    We do not set forth a detailed factual recitation of the trial and sentencing proceedings as it is not necessary to our disposition.

We conclude Lashon has forfeited her section 745 claim on direct appeal by not filing a section 745 motion in the trial court before judgment was entered and affirm the judgment. In light of our determination, we do not address her argument that she has alleged a prima facie showing for relief under section 745 and deny her request to remand the matter for an evidentiary hearing.

## CALIFORNIA RACIAL JUSTICE ACT

The CRJA, as enacted in section 745, became effective on January 1, 2021.[3] (Stats. 2020, ch. 317, §§ 1, 3, 3.5.) This was over four months before the commencement of Lashon's trial, and section 745 was made applicable to all cases then pending in the trial courts.[4] (*Id*., subd. (j).)

Section 745 provides "[t]he state shall not seek or obtain a criminal conviction or seek, obtain, or impose a sentence on the basis of race, ethnicity, or national origin." (*Id*., subd. (a).) Pertinent to our discussion, the following constitutes a violation of section 745: "[d]uring the defendant's trial, in court and during the proceedings," a trial judge "exhibited bias or animus towards the defendant because of the defendant's race, ethnicity, or national origin, whether or not purposeful" (*id*., subd. (a)(2)).

The CRJA sets forth the procedure for seeking relief during various stages of a criminal proceeding. "A defendant may file a motion in the trial court or, if judgment has been imposed, may file a petition for writ of habeas

[3] The Legislature later amended section 745, effective January 1, 2023 (Stats. 2022, ch. 739, § 2); we cite to the language used in the current law for convenience. Lashon asks us to consider pending legislature that, if enacted, would further amend section 745. As an appellate court, we cannot consider amendments that may or may not be made at a future date.

[4] Consequently, and despite Lashon's argument to the contrary, the concept of applying a new law retroactively to cases not yet final is not relevant to this appeal. (*People v. Frahs* (2020) 9 Cal.5th 618, 638, fn. 5.)

corpus or a motion under Section 1473.7 in a court of competent jurisdiction, alleging a violation of subdivision (a)." (§745, subd. (b).) The CRJA also sets forth remedies for successful prejudgment and post judgment claims (respectively, § 745, subds. (e)(1) and (e)(2)).

## DISCUSSION

Because no CRJA motion premised on Lashon's claim of implicit racial bias by the trial judge was filed in the trial court during either the trial or sentencing phases, we deem forfeited her CRJA claim for purposes of direct appeal. (See, e.g., *People v. Elliot* (2012) 53 Cal.4th 535, 572 [defendant forfeited claim that trial court exhibited racial bias during jury selection process by failing to raise the issue at trial].)

Lashon asserts the general forfeiture rule should not apply because her claim involves a "substantial right" or "an important issue of constitutional law." Her reliance on *In re Sheena K.* (2007) 40 Cal.4th 875 for this assertion is misplaced. In that case, our Supreme Court held a juvenile could present a constitutional challenge to a probation condition on direct appeal as it presented "a pure question of law, easily remediable on appeal by modification of the condition." (*Id.* at p. 888.) However, the court did *not* conclude "that 'all constitutional defects in conditions of probation may be raised for the first time on appeal, since there may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." [Citation.] In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." ' " (*Id.* at p. 889.) Simply put, Lashon's claim for relief does not fall under the *In re Sheena K.* exception because it does not present a pure

3

question of law that can be resolved without consideration as to what occurred during the trial and sentencing proceedings.

Lashon also argues the forfeiture rule should not be applied because she did not have a meaningful opportunity to raise a CRJA claim at trial. According to Lashon, there were no obvious signs of racial bias by the trial judge "[u]ntil the African American defense attorney corrected the judge on her misassumption that the attorney had not followed the correct procedure on a subpoena duces tecum for medical records of a victim." "However, once this judge felt challenged by this attorney of color, both she and her client became targets of increasing hostility. This behavior seems most likely explained by the implicit bias held by the judge which was unleashed only after she felt her authority questioned. When the trial attorney did object to the trial court's behaviors, she was met with denials and greater hostility." We find this argument unavailing as Lashon has not demonstrated she could not object or an objection would have been futile. Even if her trial counsel did not want to antagonize the trial judge during the trial, a section 745 motion could have been filed immediately after the trial judge gave her reasons for choosing the sentence she was about to impose. (See, e.g., *People v. Garcia* (2022) 85 Cal.App.5th 290, 295–298 (*Garcia*)[5] [trial court abused its

---

[5] We see no merit to Lashon's argument that in *Garcia, supra,* 85 Cal.App.5th 290, we rejected the Attorney General's position "that [the] defendant can seek only postjudgment relief under the CRJA through a habeas petition." (*Id.* at p. 298, fn. 4.) The statement was made in the context of explaining that because a judgment *had not been entered* at the time Garcia sought CRJA relief in the trial court, Garcia was not precluded from presenting his claim for relief on direct appeal. Accordingly, "[*f*]or the same reason," i.e., that no final judgment had been entered in the case, we rejected the Attorney General's contention that the defendant could seek only *postjudgment* relief under the CRJA through a habeas petition. (*Id.* at p. 298, fn. 4; italics added.) By our decision in *Garcia*, we made no finding that a

4

discretion in denying request for continuance of sentencing to allow defendant time to prepare a motion for substantive relief under § 745].)[6]

We therefore affirm the judgment as Lashon has forfeited her appellate claim for relief under section 745.  In light of our determination, we do not address her substantive argument that portions of the trial and sentencing proceedings cited in her opening brief constitute a prima facie showing for relief, and we deny her request to remand the matter to the superior court for an evidentiary hearing.  We also deny her separate motion to stay the appeal and for a limited remand to permit further factual development of the appellate record as Lashon had the opportunity to make a section 745 motion in the trial court but failed to do so.  (Cf. *People v. Martinez* (2019) 31 Cal.App.5th 719, 729.)

Finally, we note that Lashon indicates that if we find she has forfeited her section 745 claim on direct appeal, she may pursue the filing of a petition for writ of habeas corpus.  While our decision should not be read as foreclosing Lashon from filing a petition for writ of habeas corpus in a court of competent jurisdiction, we express no opinion on the timing, the issues

---

defendant may present a CRJA claim on direct appeal when the issue was not raised in the trial court.

[6]    To the extent Lashon asserts that "[t]he behavior of the trial judge cannot be sanctioned even without reference to the Racial Justice Act," citing to *People v. Nieves* (2021) 11 Cal.5th 404 (*Nieves*), that issue has been forfeited because it was not presented in compliance with the rules governing briefs filed in this court.  Specifically, it was not presented under a separate point heading and supported by a cogent argument as to why we should follow *Nieves* in this case.  (See Cal. Rules of Court, rule 8.204(a)(1)(B) [each brief must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation to authority"]; *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 ["citing cases without any discussion" as to why the cases should be followed "results in forfeiture" of the appellate claim].)

that may be presented, or the appropriate outcome of any petition that Lashon may file.

## DISPOSITION

The judgment is affirmed.

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Rodríguez, J.

A163074/*People v. Lashon*

Trial Court:        Contra Costa County Superior Court

Trial Judge:        Hon. Terri A. Mockler

Counsel:        Marylou Hillberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Katie Stowe and Linda Murphy, Deputy Attorneys General, for Plaintiff and Respondent.